**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TICOR TITLE INSURANCE COMPANY,

      Plaintiff,

v.                                         Case No. 05-CV-73709-DT

NATIONAL ABSTRACT AGENCY, INC. et al.,

      Defendants.
                                           /

**ORDER APPOINTING FACILITATIVE MEDIATOR
AND SUSPENDING FORMAL DISCOVERY**

On April 5, 2006, the court conducted a telephone conference in the above-captioned matter. Based upon the representation of the parties, it is the understanding of the court that the parties have come to the conclusion that facilitative mediation may assist in resolving the issues raised in the case.

The court suggested, and the parties have agreed, that the court appoint a neutral facilitative mediator. Accordingly,

IT IS ORDERED that Peter D. Houk, of the law firm Fraser, Trebilcock, Davis & Dunlap, P.C., 124 West Allegan Street, Suite 1000, Lansing, Michigan 48933, is appointed to serve as facilitative mediator.

IT IS FURTHER ORDERED that the fees and expenses of the court-appointed mediator shall be paid on a *pro rata* basis by the parties, 50% by Plaintiff and 50% by Defendant.

IT IS FURTHER ORDERED that the process of such mediation shall proceed in a manner directed by the mediator.

IT IS FURTHER ORDERED that both Plaintiff and Defendant personally attend the mediation session or sessions.  "Personally attend" means the physical presence of a settlement representative who possesses full settlement authority with no need to contact anyone else in the organization before making a final and binding decision; "available by telephone" does not equal "personally attend."  Any exception to this requirement must be approved by the mediator.

The court will supply to the mediator the Complaint and the Answer.  Such other papers as the mediator may request, or such additional papers as may by agreed upon by the parties, shall be supplied by the parties.

It is the intent of the court that the ordered mediation is to proceed during the month of **June 2006**, that the parties will in good faith attempt to reach a binding and final agreed-upon resolution to the issues implicated in the case.  The mediator is not, however, expected to supply a decision that is the equivalent of binding arbitration nor is the mediation to proceed under Michigan sanction rules relating to case mediation unless the parties so agree, in writing, in advance.

Formal discovery is **SUSPENDED** in preparation for mediation.


    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 9, 2006

S:\Cleland\JUDGE'S DESK\Odd Orders\05-73709.TICOR.Houk.Mediation.wpd

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 9, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\05-73709.TICOR.Houk.Mediation.wpd