**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TICOR TITLE INS. CO.,

    Plaintiff,

v().                                                Case No. 05-CV-73709-DT

NATIONAL ABSTRACT AGENCY, INC.,
EDWARD HARRIS and CITY TITLE
AGENCY, INC.,

    Defendants,

and

CITY TITLE AGENCY, INC.,

    Cross-Claimant,

v.

NATIONAL ABSTRACT AGENCY, INC.
and EDWARD HARRIS,

    Cross-Defendants,

and

NATIONAL ABSTRACT AGENCY, INC.
and EDWARD HARRIS,

    Cross-Claimants,

v.

CITY TITLE AGENCY, INC.,

    Cross-Defendant.

_____/

**OPINION AND ORDER DIRECTING PLAINTIFF
TO PROVIDE SUPPLEMENTAL BRIEFING**

**I. BACKGROUND**

On September 13, 2007, the court entered an opinion and order granting, *inter alia*, Plaintiff Ticor Title Insurance Company's ("Ticor's") "Motion for Partial Summary Judgment," filed on June 29, 2007. As detailed in that order, the court determined that (1) Defendant National Abstract Agency, Inc. ("National") and Defendant Edward Harris ("Harris") breached the issuing agency contract that they entered into with Ticor by Harris's improper transfer of $275,000 in escrow funds from National's escrow account into Defendant City Title Agency, Inc.'s ("City Title's") account, (2) pursuant to the personal guarantee signed by Harris, Harris is personally liable to Ticor for the debts and obligations of National and (3) City Title was unjustly enriched by Ticor when Harris improperly transferred $275,000 into City Title's escrow account. (*See generally* 9/13/07 Order.) The court's order also directed Ticor to submit an itemized damages calculation, along with detailed supporting documentation, specifying the damages it suffered as a result of Harris's improper transfer of funds. (*Id.* at 30.)

Thereafter, on September 25, 2007, Ticor submitted its "Notice of Submission of Evidence of Damages," seeking a total damages award of $292,722.24, consisting of $124,077 in third-party claims paid by Ticor, $151,666 in attorneys' fees and $16,979.24 in costs. (*See generally* Pl.'s Notice of Damages.) On October 2, 2007, National and Harris submitted their objections, arguing, *inter alia,* that Ticor failed to follow the court's directive to provide detailed, supporting documentation for its damages calculation. (Nat'l and Harris's Objections at 2.) The court shares this concern, and finds Ticor's

2

evidence of damages is deficient in various respects outlined below.

## II. DISCUSSION

Ticor avers that it has paid out third-party claims "as a result of National Abstract's failure to perform its obligations under the agreement." (Richard Gellersted's[1] Aff. at ¶ 7, Pl.'s Notice of Damages Ex. A.) Ticor indicates that it was obligated to pay four third-party claims that had their basis in unpaid liens, unpaid mortgages, unpaid insurance premiums and insufficient funds in National's account. (*Id.* at ¶¶ 7-12.)

It is not clear how these claims relate to Harris's improper transfer of funds. The court's September 13, 2007 order related solely to the issue of Harris's improper transfer of funds; the court did not make any determinations regarding Ticor's allegations that National and Harris breached the contract in ways not related to the improper transfer. Consequently, the damages to which Ticor is entitled are those arising solely from the improper transfer of funds. Ticor's submission of damages does not make clear how the third-party claims it has paid stem directly from Harris's improper of funds. If Ticor intends to pursue reimbursement for third-party claims, it must clearly establish that those damages arose directly from Harris's improper transfer.

Moreover, Ticor's claim for attorneys' fees and costs is not supported by sufficiently detailed documentation. First, Ticor provides little if any information regarding the legal staff who performed the work at issue. The court would find helpful – and it would conform with the court's experience in numerous similar circumstances – if Ticor provided a brief description of each staff member's legal background, including

---

[1]Gellersted is the vice-president and assistant general counsel of Ticor. (Gellersted's Aff. at ¶ 1, Pl.'s Notice of Damages Ex. A.)

years of experience in the legal field, to aid the court in determining a reasonable hourly rate for each individual who worked on this case.

Second, regarding the hours worked and activities performed, Ticor lists the name of each member of its legal staff working on this matter, along with the total hours worked by each individual and a general description of the work performed by each. (*See* e.g., Bill of Costs at ¶ 8, Pl.'s Notice of Damages Ex. B ("David Pruitt (231.4 hours at $245 per hour) (reviewing and analyzing client documents, completing discovery related matters including multiple depositions, handling summary judgment briefing)")). However, the court needs additional information before it can properly evaluate the reasonableness of Ticor's fee claim. Specifically, the court requires a more detailed breakdown of the hours and the dates the fees were incurred (e.g., attorney Smith worked on drafting a motion for summary judgment for 2.2 hours on June 5, 2007). Each activity should correspond to the date(s) involved and the number of hours spent on that specific activity, as opposed to Ticor's present itemization, which includes only the total number of hours worked on a general category of activity and does not include dates. The typical, although not required, format for presenting the necessary information is a time-log-type format, containing columns for (1) the date, (2) hours worked for each particular activity, (3) a description of the work performed and (4) the name, title and hourly rate of the individual who performed the work.

Finally, Ticor presents the total amount of costs incurred without providing a breakdown of the individual costs or dates involved. The court requires a breakdown of each individual cost and the date the cost was incurred, along with supporting documentation where available (e.g., $300 filing fee incurred on September 7, 2005 for

filing the complaint).

### III. CONCLUSION

IT IS ORDERED that, should Ticor elect to pursue its claim of damages, it is DIRECTED to submit a renewed itemization of damages and *detailed* supporting documentation in accordance with this order, on or before **November 6, 2007**.[2] Should National and Harris wish to submit objections to Ticor's itemization of damages, they must do so on or by **November 13, 2007.**

                                                     s/Robert H. Cleland
                                                     ROBERT H. CLELAND
                                                     UNITED STATES DISTRICT JUDGE

Dated: October 24, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2007, by electronic and/or ordinary mail.

                                                   s/Lisa G. Wagner
                                                     Case Manager and Deputy Clerk
                                                     (313) 234-5522

---

[2] The court emphasizes that there are unjust enrichment damages that are not the topic of this order. Pursuant to the court's September 13, 2007 opinion and order, National and Harris are liable to Ticor for unjust enrichment damages and City Title is liable to National and Harris for unjust enrichment damages. (9/13/07 Order at 19, 26.) The court has sufficient information from which to determine the amount of unjust enrichment damages suffered by Ticor, National and Harris, and thus the parties need not submit a damages calculation on this issue.

S:\Cleland\JUDGE'S DESK\C3 ORDERS\05-73709.Ticor.OrderDirectingSuppBriefingRegardingCosts.wpd