**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TICOR TITLE INS. CO.,

    Plaintiff,

v.                                                          Case No. 05-CV-73709-DT

NATIONAL ABSTRACT AGENCY, INC.,
EDWARD HARRIS and CITY TITLE
AGENCY, INC.,

    Defendants,

and

CITY TITLE AGENCY, INC.,

    Cross-Claimant,

v.

NATIONAL ABSTRACT AGENCY, INC.
and EDWARD HARRIS,

    Cross-Defendants,

and

NATIONAL ABSTRACT AGENCY, INC.
and EDWARD HARRIS,

    Cross-Claimants,

v.

CITY TITLE AGENCY, INC.,

    Cross-Defendant.
_____/

**OPINION AND ORDER ON PLAINTIFF'S DAMAGES
AND DENYING DEFENDANTS' MOTION FOR JUDGMENT**

The matter is before the court for a calculation of Plaintiff's damages pursuant to the court's September 13, 2007 order. For the reasons stated below, the court finds that Plaintiff has not established the absence of a triable issue of fact on its damages related to its breach of contract claim. Plaintiff has, however, conclusively shown that it is entitled to $275,000 on its unjust enrichment claim, and summary judgment will be awarded. Finally, the court will also deny Defendants' motion for entry of a partial judgment.

**I. BACKGROUND**

On September 13, 2007, the court entered an opinion and order which, among other things, granted Plaintiff Ticor Title Insurance Company's ("Ticor's") "Motion for Partial Summary Judgment," filed on June 29, 2007. As detailed in that order, the court determined that (1) Defendant National Abstract Agency, Inc. ("National") and Defendant Edward Harris ("Harris") breached the issuing agency contract that they entered into with Ticor by Harris's improper transfer of $275,000 in escrow funds from National's escrow account into Defendant City Title Agency, Inc.'s ("City Title's") account, (2) pursuant to the personal guarantee signed by Harris, Harris is personally liable to Ticor for the debts and obligations of National and (3) City Title was unjustly enriched by Ticor when Harris improperly transferred $275,000 into City Title's escrow account. (*See* 9/13/07 Order.)[1] The court's order also directed Ticor to submit an

---

[1] The court made other findings in the September 13, 2007 order, including the finding that National and Harris were entitled to summary judgment on their unjust enrichment claim against City Title. (9/13/07 Order at 26.)

itemized damages calculation, along with detailed supporting documentation, specifying the damages it suffered as a result of Harris's improper transfer of funds. (*Id.* at 30.) Ticor was directed to limit its submission to damages related to its breach of contract claim. (*Id.*)

Thereafter, on September 25, 2007, Ticor filed its "Notice of Submission of Evidence of Damages," seeking a total damages award of $292,722.24, consisting of $124,077 in third-party claims paid by Ticor, $151,666 in attorneys' fees and $16,979.24 in costs. (*See* Pl.'s Notice of Damages.) On October 2, 2007, National and Harris submitted their objections, arguing that Ticor failed to follow the court's directive to provide detailed, supporting documentation for its damages calculation. (Nat'l and Harris's Objections at 2.) The court agreed and gave Ticor another opportunity to clarify its position by submitting a renewed itemization of damages and detailed supporting documentation. On November 9, 2007, Ticor filed a supplemental brief related to damages, to which National and Harris filed objections on November 12, 2007.

On November 28, 2007, National and Harris filed a motion for entry of a partial judgment on their unjust enrichment claim against City Title in the amount of $275,000. The court instructed that no response be filed to the motion. (*See* 11/30/07 Minute Entry.)

## II. DISCUSSION

Ticor avers that it has paid out third-party claims "as a result of National Abstract's failure to perform its obligations under the agreement." (Richard Gellersted's[2]

---

[2] Gellersted is the vice-president and assistant general counsel of Ticor. (Gellersted's Aff. at ¶ 1, Pl.'s Notice of Damages Ex. A.)

3

Aff. at ¶ 7, Pl.'s Notice of Damages Ex. A.)  Ticor indicates that it was obligated to pay four third-party claims that had their basis in unpaid liens, unpaid mortgages, unpaid insurance premiums and insufficient funds in National's account.  (*Id.* at ¶¶ 7-12.)

> As stated in the court's October 24, 2007 order:
>
> It is not clear how these claims relate to Harris's improper transfer of funds.  The court's September 13, 2007 order related solely to the issue of Harris's improper transfer of funds; the court did not make any determinations regarding Ticor's allegations that National and Harris breached the contract in ways not related to the improper transfer.  Consequently, the damages to which Ticor is entitled are those arising solely from the improper transfer of funds.  Ticor's submission of damages does not make clear how the third-party claims it has paid stem directly from Harris's improper of funds.  If Ticor intends to pursue reimbursement for third-party claims, it must clearly establish that those damages arose directly from Harris's improper transfer.

(10/24/07 Order at 3.)

Ticor submitted its supplemental brief on November 9, 2007, in which it did little to alleviate the court's concerns.  Ticor generally explains escrow accounts and their uses, but does not specifically explain how National and Harris's improper transfer of funds caused Ticor to incur the claimed $124,077 in third-party claims.  Ticor's central rationale is that "[t]he $275,000 that should have been in the escrow account to pay the third party claims at issue in this case was gone once transferred by Harris, and was unavailable to pay the claims."  (Supp. Br. at 2.)  Ticor reasons, therefore, that anything it paid out of its own pocket that would have otherwise come from the escrow account is recoverable under Ticor's breach of contract claim.  The court understands Ticor's theory and doubts that there is any dispute that Ticor should recover funds that should have been covered by the escrow account.  It is not clear, however, or undisputed, that the particular funds should have been paid in the first place.  Ticor states that the four

4

claims were obligations which should have been paid out of the escrow account. (Supp. Br. at 1-2.) Conversely, National and Harris argue that the record is not clear that Ticor was obligated to pay the claims. Ticor complains that National and Harris have not produced their own evidence to counter Ticor's evidence. This, however, is not their burden.

This matter is before the court on Ticor's motion for partial summary judgment. In summary judgment motions, the moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Only then does the burden shift to the nonmoving party, who must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).

The court is not persuaded that Ticor has met its initial burden of showing the absence of a triable issue on damages. "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). Here, viewing the evidence in a light most favorable to National and Harris, that a reasonable fact-finder could conclude that Ticor has not established that the disputed claims flow directly from National and Harris's breach. Ticor has not *conclusively* shown that the claims, or the amounts paid on the claims, were necessary obligations which Ticor had to pay as a result of National and Harris's breach. The court has given Ticor ample opportunity to meet its burden but, at this point, the court must conclude that a triable question remains on the amount of

5

damages under Ticor's breach of contract claim.[3]

Likewise, the court is unable to award summary judgment on Ticor's claim for attorneys' fees and costs. First, inasmuch as the court has found that Ticor's damages must be determined at trial, Ticor will continue to incur fees and costs related to its breach of contract claim until the conclusion of trial. Moreover, Ticor has failed to establish the absence of a genuine issue of fact on the reasonableness of its claimed attorney fees. When a party is *contractually*, rather than statutorily, entitled to attorney fees, the amount of the fees is normally a question for the fact finder. *See, e.g., Zeeland Farm Serv., Inc. V. JBL Enterprises, Inc.*, 555 N.W.2d 733 (Mich. Ct. App. 1996). Although the court presented Ticor with an opportunity to show that the amount of attorney fees is undisputed, the court is not convinced that a reasonable fact-finder could only come to one conclusion on this issue. Indeed, the evidence submitted by Ticor is subject to many different interpretations and conclusions on the reasonableness

---

[3]The parties have agreed that the court will be the trier of fact on this issue. The court is inclined to find that, when it is not restricted to a Rule 56 standard, Ticor will be able to persuade the court that it is entitled to the damages it seeks.

of the claimed fees.[4] The court is cannot award summary judgment on Ticor's claim for attorneys' fees and costs.

With respect to National and Harris's motion for entry of judgment, the court has already granted summary judgment as to liability against City Title and in favor of Ticor, National and Harris. There does not appear to be any dispute that Ticor, National and Harris suffered damages in the amount of $275,000, the amount of the improper transfer. However, the court will not award piecemeal judgments, particularly in a case such as this where there are multiple claims, counter-claims and cross claims and where there is a probability, if not a certainty, of off-sets when the final judgment is entered. Accordingly, National and Harris's motion for judgment will be denied.

---

[4]Based on the evidence thus far, if the matter were presented to the court as a trial on the paper, the court would be inclined to find that the attorney fees submitted by Ticor appear high. They are based on hourly rates ranging from $130 for a summer associate, $143.86 for a paralegal to an upper rate of $342.47 for the highest paid partner on the matter. The total amount of attorney fees sought is $155,747, with a total of 668.3 hours. Ticor did not submit a break-down of the number of hours billed by each attorney or staff member, but the average hourly rate for all staff and attorneys is $233. If this were a trial on the papers, the court would require a chart of the number of hours billed per person. Further, the court would likely not allow a billing rate of more than $250 an hour for the highest paid attorney for this type of work in this market. Nonetheless, the total number of hours, 668.3, appear reasonable on initial review of the documentation submitted. The court is also inclined to believe that attorney fees from the companion *Steadfast* lawsuit are indeed recoverable in this action. Finally, the court notes that costs, based solely on the Abeska affidavit, appear recoverable in the amount of $19,910.91. Again, these are only inclinations at this point, and the court leaves open the possibility that it will be persuaded differently at trial.

## III. CONCLUSION

For the reasons discussed above, the court will not enter summary judgment on the amount of Ticor's damages on its breach of contract claim against National and Harris.

Further, IT IS ORDERED that National and Harris's motion for judgment [Dkt. # 92] is DENIED.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: January 9, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 9, 2008, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522